UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

CAROLINE ZIETH,

    Plaintiff,

v.

PITTSBURGH ACTION AGAINST RAPE,

    Defendant.

Case No. _____

JURY TRIAL DEMANDED

## COMPLAINT

NOW COMES Plaintiff, Caroline Zieth, by and through her attorney, Christi Wallace, Esquire, and files this Complaint alleging as follows:

### I. Nature of the Action

1.    Plaintiff brings this Complaint to recover damages under the Americans with Disabilities Act ("ADA") 42 U.S.C §12101-12213 and Pennsylvania Human Relations Act ("PHRA") 43 P.S. § 951 *et. seq.* Plaintiff was terminated for her disability and in retaliation for complaining about ADA discrimination.

### II. Jurisdiction and Venue

2.    This action arises under the Americans with Disabilities Act ("ADA"), 42 U.S.C §12101-12213, and Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951 *et. seq.* This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331.

3.    Plaintiff was a resident and citizen of Pennsylvania, a substantial part of the events or omissions giving rise to the claims occurred in Western Pennsylvania, and, therefore, this action

is within the jurisdiction of the United States District Court for the Western District of Pennsylvania and the venue is proper pursuant to 28 U.S.C. § 1391(b).

### III. Parties

4.      Plaintiff, Caroline Zieth ("Plaintiff"), is an adult individual currently residing at 5410 Wellesley Ave, Pittsburgh, PA 15206.

5.      Defendant, Pittsburgh Action Against Rape ("Defendant") is a business entity conducting business in Pennsylvania at 81 South 19th St., Pittsburgh, PA 15203.

### IV. Facts

6.      Plaintiff became employed with Defendant in May 2015 as a Counselor.

7.      In September 2016, Plaintiff had sought treatment from a psychiatrist due to anxiety, depression and post-traumatic stress disorder, or "PTSD," which was directly caused by her position with Defendant.

8.      Plaintiff primarily deals with child sexual abuse in her position with Defendant, and the position is extremely stressful and emotional.

9.      As a result of her position, Plaintiff was suffering from:

   a.    Nightmares and flashbacks;

   b.    Avoidance of trauma-related thoughts and feelings;

   c.    Feeling isolated and difficulty experiencing positive affect; and

   d.    Difficulty concentrating and sleep disturbances.

10.     All lasted over one month and caused distress and functional impairment.

11.     In or about November 2016, to Plaintiff's belief, Carlos Golfetto ("Mr. Golfetto"), became Plaintiff's supervisor although she had been working with him since August 2016.

12.     Beginning in or about December 2016, to Plaintiff's belief, she began disclosing her disabilities and diagnosis of anxiety, depression and PTSD to her co-workers.  Plaintiff informed Supervisor Michelle Coco ("Ms. Coco"), Supervisor Mr. Golfetto, the entire Child and Family Counseling team including, Andrea Pottgen, Andrea Graf, Virginia White, Charlotte Vaidya, Catherine Wright ("Ms. Wright") and Theresa Otoya, and Evanne Addams and Johanna Wasileski in Finance.

    a.   Plaintiff additionally disclosed her disabilities to the Executive Director, Alison Hall ("Ms. Hall") on March 3, 2017.

13.     On March 3, 2017, Plaintiff was in a training session where Ms. Hall approached her and said, "you don't have any sick time left," "are you OK" and "this job isn't for everyone."

    a.   The statements were made to Plaintiff in front of Ms. Coco and Ms. Wright.

    b.   Plaintiff was embarrassed by Ms. Hall's statements to her and felt discriminated against due to her disability.

14.     On March 6, 2017, Plaintiff became aware that she did, indeed, have forty-one hours or sick time remaining.

15.     On March 9, 2017, Mr. Golfetto sent Plaintiff a document outlining what he perceived to be deficiencies in Plaintiff's performance and pointing out things he believed she had done wrong.

16.     On March 10, 2017, Plaintiff was written up for not updating her calendar even though other counselors, who were not disabled, did not update their calendars and were not disciplined.

17.     Plaintiff was additionally written up on March 10, 2017 for keeping a client for five months, despite that client being involved in a complicated case which required additional time.

    a.   Other non-disabled employees kept clients for an extended period of time and were not written up.

18.    Plaintiff was presented with Mr. Golfetto's write ups by Ms. Coco.

19.    Once Plaintiff received the write ups from Ms. Coco, she went directly to speak to Mr. Golfetto for an explanation of why she was being written up.

20.    As soon as Plaintiff met with Mr. Golfetto, he appeared angry and lashed out at her.

21.    On March 13, 2017, Plaintiff gave Ms. Coco and Mr. Golfetto a letter responding to the write ups where she acknowledged and took accountability for her administrative error, and further noted that her alleged "mistakes" had been corrected.

22.    Plaintiff met with Mr. Golfetto on March 14, 2017 and it appeared the issues in regard to his alleged performance deficiencies had been resolved and Plaintiff believed she and Mr. Golfetto were on good terms.

23.    On March 17, 2017, Plaintiff received a call from Lisa Kadlecik in Administration for Defendant who asked Plaintiff for her keys.  Mr. Golfetto terminated her employment with Respondent. Ms. Coco was also present during the termination.

24.    Plaintiff was terminated shortly after disclosing her disabilities.

**V. Allegations**

**<u>Count I</u>**
**Americans with Disabilities Act (ADA) 42 U.S.C §12101-12213**
**<u>DISABILITY DISCRIMINATION</u>**

25.    The preceding paragraphs are incorporated herein as if set forth at length.

26.    Plaintiff is in a protected class as she is disabled due to a diagnosis of anxiety, depression and PTSD.

27.     Defendant also regarded Plaintiff as disabled as Ms. Hall said, "you don't have any sick time left," "are you OK" and "this job isn't for everyone" in front of other employees.

28.     Plaintiff was fully qualified to do her job.

29.     Respondent engaged in the following unlawful discrimination in violation of the ADA:

    a.  After disclosing her disabilities, Plaintiff was harassed. Ms. Hall would say, "you don't have any sick time left," "are you OK" and "this job isn't for everyone" in front of other employees.

    b.  Plaintiff was regularly always asked, "are you OK."

    c.  Plaintiff was told, incorrectly, by Ms. Hall that she no sick time left when in fact she had forty-one hours left.

    d.  Defendant was purposely misleading Plaintiff in an attempt to make her resign.

    e.  Plaintiff was sent an email by Mr. Golfetto outlining the alleged deficiencies in her performance. Plaintiff's performance was not an issue prior to disclosing her disabilities.

    f.  Plaintiff was written up for having a client on her calendar for several months (for good cause) while other, non-disabled employees did this routinely and were not written up.

    g.  Plaintiff was written up for not updating her calendar when other, non-disabled employees did not update their calendars and were not written up.

30.     Plaintiff was terminated shortly after disclosing her disabilities.

31.     Plaintiff was damaged by Defendant's actions.

## Count II
### Pennsylvania Human Relations Act (PHRA), 43 P.S. § 951 *et seq*
### DISCRIMINATION

32.     The preceding paragraphs are incorporated herein as if set forth at length.

33.     Plaintiff is in a protected class as she is disabled due to a diagnosis of anxiety, depression and PTSD.

34.     Defendant also regarded Plaintiff as disabled as Ms. Hall said, "you don't have any sick time left," "are you OK" and "this job isn't for everyone" in front of other employees.

35.     Plaintiff was fully qualified to do her job.

36.     Respondent engaged in the following unlawful discrimination in violation of the PHRA:

    a.   After disclosing her disabilities, Plaintiff was harassed. Ms. Hall would say, "you don't have any sick time left," "are you OK" and "this job isn't for everyone" in front of other employees.

    b.   Plaintiff was regularly always asked, "are you OK."

    c.   Plaintiff was told, incorrectly, by Ms. Hall that she no sick time left when in fact she had forty-one hours left.

    d.   Defendant was purposely misleading Plaintiff in an attempt to make her resign.

    e.   Plaintiff was sent an email by Mr. Golfetto outlining the alleged deficiencies in her performance. Plaintiff's performance was not an issue prior to disclosing her disabilities.

    f.   Plaintiff was written up for having a client on her calendar for several months (for good cause) while other, non-disabled employees did this routinely and were not written up.

6

g.   Plaintiff was written up for not updating her calendar when other, non-disabled employees did not update their calendars and were not written up.

37.   Plaintiff was terminated shortly after disclosing her disabilities despite never having performance issues or disciplinary action prior to disclosing her disabilities.

38.   Plaintiff was damaged by Defendant's actions.

**<u>Request for Relief</u>**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant for the following:

a. Loss of back wages to date;

b. Front pay;

c. Other benefits of employment lost as a result of Defendant's unlawful conduct;

d. Compensatory and/or punitive damages;

e. Plaintiff's legal fees;

f. Court costs; and

g. Other such relief as the Court may deem just and proper.

Respectfully submitted,

<u>/s/ Christi Wallace</u>
Christi Wallace, Esq.   PA
ID No. 313721
*Attorney for Plaintiff*

**KRAEMER, MANES & ASSOCIATES, LLC**
U.S. Steel Tower
600 Grant Street, Suite 4875
Pittsburgh, PA 15219
412.626.5575 (p)
412.206.0834
cw@lawkm.com

7